UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Case No.: 6:19-bk-03807-LVV |
| Maureen C. Chidavaenzi, | ) Chapter 7 |
| | ) |
| Debtor. | ) |
| _____/ | ) |

**TRUSTEE'S OBJECTION TO DEBTOR'S NOTICE OF
RECONVERSION TO CHAPTER 13 CASE**

COMES NOW RICHARD B. WEBBER II, Trustee ("Trustee"), and hereby objects to this case being Reconverted to a Chapter 13 case pursuant to Sections 706(d) and 1307(c) of the Bankruptcy Code and in support thereof states as follows:

1. Maureen C. Chidavaenzi ("Debtor") filed a petition under Chapter 7 of this title on June 10, 2019. ("Petition").

2. The case was converted to Chapter 13 on November 25, 2020.

3. The 11 U.S.C. Section 341 Meeting of Creditors ("Meeting") was held and concluded on January 21, 2021.

4. During the 341 Meeting of Creditors, Debtor testified she was surrendering her real property located at 1428 Continental Drive, Daytona Beach, FL 32117 ("Real Property").

5. Trustee advised Debtor and her Attorney during the 341 Meeting of Creditors that he would be administering the Real Property for the benefit of creditors.

6. On January 22, 2021, the Debtor filed a Statement of Intention indicating Surrender of the Real Property (Doc. # 58).

7. The Trustee employed Realtors BK Global on January 26, 2021 to pursue sale of the Real Property (Doc. # 60).

8. On January 25, 2021, the Trustee requested the Debtor's contact information from attorney Zipperer to provide to the Realtors.

9. After numerous requests for the Debtor's contact information, attorney Zipperer filed the Notice of Reconversion to Chapter 13 (Doc. # 68)

10. "Cause" exists under Sections 706(d) and 1307(c) of the Bankruptcy Code to prevent conversion.

11. Debtor's Schedules I & J, her testimony and the testimony of attorney Zipperer at the 341 Meeting of Creditors, and the Order Granting Motion for Approval of Temporary Mortgage Modification Agreement (Doc. # 50) indicates she does not have sufficient income to fund a Chapter 13 Plan.

12. If Debtor is allowed to convert to a Chapter 13, the lack of income would not generate any payout to creditors and would affect efficient administration of the case.

13. If the Bankruptcy Case remains a Chapter 7, the Trustee can pursue a short sale of the Real Property, working with the secured lender, which would provide for a carve out for the benefit of creditors.

WHEREFORE, the Trustee prays this Court will enter an order as follows: (a) allowing this case to remain open as a Chapter 7 case; (b) denying the Debtors' Notice of Reconversion to Chapter 13 case; (c) allowing the Trustee to proceed with sale of Real Property; (d) and for such further relief as this Court deems just and reasonable.

I HEREBY CERTIFY that a true and correct copy of the foregoing Objection has been furnished by either electronic transmission or first-class United States Mail, postage prepaid, on the February 10, 2021 to: the United States Trustee, 400 West Washington Street, Suite 1100, Orlando, Florida 32801; Maureen Chidavaenzi, 1428 Continential Dr., Daytona Beach, FL 32117; Robert Zipperer, 224 S Beach St., Ste. 202, Daytona Beach, FL 32114; and all interested parties and creditors on the attached matrix.

Dated:  February 10, 2021

/s/ Richard B. Webber II
Richard B. Webber II, Trustee
PO Box 3000
Orlando FL 32802-3000
(407) 425-7010

[11000-1395/8904712/1]